Ex parte James Hugh McFADDIN, Petitioner

(175 S. E. (2d) 218)

May 27, 1970.

## ORDER

The Honorable James Hugh McFaddin, Resident Judge of the Third Judicial Circuit for the past twelve years, seeks to retire because of alleged total and permanent disability and has filed a petition with this Court asking for a determination that he has become totally and permanently disabled within the purview of Section 61-251 *et seq.* of the 1962 Code of Laws. These statutes provide the conditions for retirement of Supreme Court Justices and Circuit Court Judges of this State. Section 61-251(4) permits the retirement of any justice or judge, after seven years service, upon

becoming "totally and permanently disabled to carry on the duties of his office." Under Section 61-252, the determination as to disability must be made by this Court. The pertinent provisions of the latter section are as follows:

"No justice or judge shall be permitted to retire and resign on account of being totally and permanently disabled and to receive the retirement benefit herein provided for until it is proven to the satisfaction of the Supreme Court, or a majority of the justices thereof, that such justice or judge is totally and permanently disabled, physically or mentally, or both, from further rendering useful and efficient service as a justice or judge."

The verified petition of Judge McFaddin alleged that he had become totally and permanently disabled to efficiently carry on the duties of his office and was supported by a certificate of his family physician. We subsequently appointed a panel of physicians from the staff of the Medical University of South Carolina to examine Judge McFaddin and report their findings. Their report has been filed and a copy furnished to Judge McFaddin.

Under date of April 16, 1970 opportunity was extended to him to present any additional evidence to establish his alleged disability. He replied on April 17, 1970 that "the only additional evidence I have would be a description of daily suffering from the ailments described in the report of the panel of doctors of the medical staff, which would be cumulative." He therefore elected to rest his claim on the proof already in the record, which consists of the report filed with the petition and the report of the panel of physicians.

The statute places the burden upon an applicant to establish total and permanent disability "to the satisfaction of the Supreme Court, or a majority of the justices thereof." The statutory requirement that the fact of disability be established "to the satisfaction" of the court means more than by a mere preponderance of the evidence.

The proof must be clear and convincing. See cases collected in 38 Words and Phrases, Satisfaction, p. 371.

The medical reports, while certifying that in the opinion of the doctors Judge McFaddin is totally and permanently disabled, fail, in our opinion, to establish such disability within the meaning of the above statutes.

The report of his family physician stated:

"His health record has been very good until the past 2 years when he went on rather frequent alcoholic binges. He had some trouble with alchohol for several years but these would last only a couple of days and he continued with his work. About 2 years ago he was hospitalized with acute diverticulitis of sigmoid colon and at that time was found to have diabetes and hypertension. These conditions have persisted until the present time."

The report of the panel of physicians appointed by this Court stated that in their opinion "Judge James Hugh McFaddin is permanently and totally disabled as far as performing as a judge in the courtroom," and that "his condition will grow worse and that he will be in need of medical and psychiatric care." The findings of the panel, upon which the foregoing opinion was based, are as follows:

"The panel finds that Judge James Hugh McFaddin suffers from: hypertensive cardiovascular disease, diabetes mellitus, diverticulosis, benign prostatic hypertropy, probably peptic ulcer, acute and chronic anxiety state, chronic recurring depression, excessive alcohol use secondary to chronic depression, and psycho-physiologic gastrointestinal reaction.

"In plain language, Judge McFaddin has long been in a state of agitated depression which is daily becoming worse. Some of his physical ailments are probably the direct result of his mental turmoil. He cannot cope with the exigencies of courtroom operation and seeks the solace of alcohol to get by. The physical ailments, of themselves, are fairly mild, but can immediately become quite acute with mental stress which probably occurs frequently on the bench.

"He uses alcohol in an attempt to alleviate his emotional discomforts and this is a familiar pathway for many patients for use in the alleviation of depression and agitation. His excessive alcohol consumption is probably directly proportional to the degree of stress to which he is subjected.

"The panel believes the Judge is totally disabled relative to sitting on the bench, regardless of his use of alcohol. Were he to refrain from the use of alcohol entirely, he still could not carry out the duties of a circuit judge, but might collapse at the first occurrence of severe stress.

"The panel does not believe that Judge McFaddin is master of his own fate relative to refraining from the use of alcohol."

A fair summary of the medical reports is that Judge McFaddin's "physical ailments, of themselves, are fairly mild" but can become acute with mental stress, which is followed by "excessive alcohol use" in order to find relief from his "emotional discomforts." His condition has reached the point that "the panel does not believe that Judge McFaddin is master of his own fate relative to refraining from the use of alcohol." While the doctors state that "were he to refrain from use of alcohol entirely, he still could not carry out the duties of a circuit judge, but might collapse at the first occurrence of severe stress," there is not the slightest proof that he has ever suffered such a collapse in the past from the failure to use alcohol to solve his emotional problems or that, apart from the use of alcohol he has ever been unable to efficiently perform the duties of a judge.

There is no showing that medical treatment is not available to provide relief from the emotional discomforts and other conditions described in the medical reports. The statute requires a finding that disability be permanent. From the showing made, we are not convinced that Judge McFaddin's disability is of such nature that it will, regardless of medical and other treatment, continue throughout his lifetime so as to deprive him of the ability to render useful and efficient service as a circuit judge.

Satisfactory proof has not been presented to sustain the claim of total and permanent disability and the petition of Judge McFaddin is accordingly denied.

JOSEPH R. MOSS, C. J., J. WOODROW LEWIS, THOS. P. BUSSEY, J. M. BRAILSFORD and BRUCE LITTLEJOHN, JJ.